## DUNHAM TOWING & WRECKING CO. v. STANDARD OIL CO.

### No. 5923.

Circuit Court of Appeals, Seventh Circuit.
Feb. 8, 1937.

Rehearing Denied March 26, 1937.

Geo. Wm. Cottrell and Carl A. Schipfer, both of Cleveland, Ohio, and Robert Branand, Jr., of Chicago, Ill., for appellant.

Bruce Johnstone and John W. Kearns, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

This is an action in admiralty for damages. Libelant, appellee herein, was the owner and operator of a steamer known as the S. S. Beaumont Parks. Libelee was the owner and operator of a tug boat called the Montana. On the night of May 10, 1932, the steamer arrived at the Indiana Harbor Canal and engaged the Montana to help her up the canal and to her dock. She was without cargo and drew about 3 feet forward and 15 feet 6 inches aft. The Montana took a line from the steamer and made it fast to her stern bitts and proceeded ahead of the steamer down the canal to the turning basin, where its and the steamer's purpose was to wind the steamer and land her at libelant's dock. While making the wind at the turning basin known as the Forks in the canal, the damage occurred. At the Forks there is a convergence of the main channel, the west branch, and the south branch of the canal. Libelant's ship's rudder was damaged as it struck the side of the dock.

It is hardly necessary to set forth in detail all the facts or discuss them at length in view of the law applicable to the situation. The trial judge found in favor of libelant. He saw and heard the witnesses. Complete findings on all the vital issues were made, and, if they are accepted, there is no escape from liability on libelee's part.

While the hearing in this court in an admiralty suit is described as a de novo trial, and we are not bound to the same degree by the findings of the District Court as we would be in an equity suit, we can not in reason ignore the deliberate finding of the District Court upon a very narrow issue over which there was a sharp controversy. Great Lakes Boat Bldg. Corp. v. Smith, 87 F.(2d) 796, decided by this court on January 23, 1937.

Our conclusion, based upon an examination of the exhibits and the testimony, is in accord with that reached by the District Court. We recognize that there is a just basis for honest difference of opinion as to responsibility for damage from collision where a steamer and a tug are engaged in the joint operation of winding a steamer and placing her beside a dock. In the instant case, if we accept the evidence of certain witnesses (and their location at the time of the accident makes their testimony persuasive), we have a case which is freer from doubt than usual.

Our conclusion is that the evidence strongly points to and confirms the finding that the tug without signal from the steamer exerted the force of its pull against the steamer in such a way as to destroy or partially neutralize the efforts of the steamer to swing away from the dock. As a result the steamer was unable to avoid the collision and was damaged.

The decree is

Affirmed.